UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT HEWITT, | No. 2:25-cv-03481-DJC-SCR |
| Plaintiff, | |
| v. | ORDER |
| JENNIFER PRICE, et al., | |
| Defendants. | |

Plaintiff Matt Hewitt brought this unlawful detainer action against Defendant Lesa Laatz under California state law on August 25, 2025.  (ECF No. 1, Ex. A.)  On December 2, 2025, Defendant filed a Notice of Removal in federal court, seeking to remove the action from the Superior Court of California, County of Sacramento (Not. of Removal (ECF No. 1).)

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (emphasis in original).  The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).  It is presumed that a case lies outside the limited jurisdiction of the federal

1

courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). The strong presumption against removal jurisdiction means that "the court resolves all ambiguity in favor of remand to state court." *Id*. (citation omitted). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)). Under the well-pleaded complaint rule, courts look to "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id*. at 1014–15 (quoting *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989)). Accordingly, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (cleaned up); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

////

////

1    Here, Defendants have not shown that removal of this action to federal court is
2 appropriate.  Plaintiff brings a single, straightforward unlawful detainer claim against
3 Defendants, which is purely a matter of state law.  *See, e.g., Wells Fargo Bank NA v.*
4 *Zimmerman,* No. 2:15-cv-08268-CAS-RWX, 2015 WL 6948576, at *3 (C.D. Cal. Nov.
5 10, 2015) (collecting cases in which courts remanded the matter back to state court
6 where the only claim was an unlawful detainer action).  Defendants argue that federal
7 question jurisdiction exists because Defendants' pleading depends on the
8 determination of Defendants' rights and Plaintiff's duties under federal law – namely
9 the Fair Housing Act, 42 U.S.C. § 3604(f)(2)(A)(B).  But Defendants cannot invoke a
10 potential defense to the unlawful detainer action sounding in a claim based on
11 disability discrimination to establish federal question jurisdiction.  *See Caterpillar,* 482
12 U.S. at 392; *Konrad v. Williams,* No. 2:21-cv-00958-TLN-DB, 2021 WL 3159811, at *1
13 (E.D. Cal. June 2, 2021); *see also Wayne v. DHL Worldwide Express,* 294 F.3d
14 1179,1183 (9th Cir. 2002).
15    If Defendants sought removal on the basis of diversity jurisdiction under 28
16 U.S.C. § 1332, removal would still be improper.  The Court only has jurisdiction
17 under section 1332 where the amount in controversy in the action exceeds $75,000.
18 In determining the amount in controversy, courts first look to the complaint.  *Ibarra v.*
19 *Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Generally, "the sum claimed
20 by the plaintiff controls if the claim is apparently made in good faith." *Id*. (quoting *St.*
21 *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Defendant, as the
22 removing party, has failed to establish by a preponderance of the evidence that the
23 amount in controversy exceeded the jurisdictional threshold at the time of
24 removal.  *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir.
25 2020) (quoting *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996)).
26 Plaintiff's Complaint appears to seek past-due rent of $2,990.00 and $63.17 for each
27 day defendants remain in possession through the entry of judgment beginning on
28 August 31, 2025.  (ECF No. 1, Ex. A at 3.)  This amount falls well below the $75,000

amount in controversy requirement.  Thus, Defendant has failed to establish that this Court has diversity jurisdiction.  *See Canela*, 971 F.3d at 850.

Remand to the Sacramento Superior Court is therefore appropriate and mandatory.  28 U.S.C. § 1447(c).  Accordingly, the Court hereby REMANDS this case to the Sacramento Superior Court for all future proceedings.

IT IS SO ORDERED.

Dated:   **December 3, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – HEWITT25cv03481.ud_v1